**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

In the Matter of the Care and Treatment of Daquan Johnson, Appellant.

Appellate Case No. 2014-001959

---

Appeal From Richland County
Alison Renee Lee, Circuit Court Judge

---

Unpublished Opinion No. 2017-UP-180
Submitted March 23, 2017 – Filed April 26, 2017

---

**AFFIRMED**

---

Appellate Defender David Alexander, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, for Respondent.

---

**PER CURIAM:** Daquan Johnson appeals his civil commitment under the South Carolina Sexually Violent Predator Act (the Act).[1] On appeal, Johnson argues (1)

---

[1] *See generally* S.C. Code Ann. §§ 44-48-10 to 44-48-170 (2002 & Supp. 2016); *see also* S.C. Code Ann. § 44-48-30(1) (Supp. 2016) (defining a sexually violent predator as a person who (1) "has been convicted of a sexually violent offense" and (2) "suffers from a mental abnormality or personality disorder that makes the

a person confined under the Act has a statutory and constitutional due process right to effective assistance of counsel; (2) a person may raise ineffective assistance of counsel claims arising from a person's commitment under the Act on direct appeal; (3) trial counsel's various errors violated his right to effective assistance of counsel; and (4) in the alternative, if this court denies relief on the preceding issues and does not provide a way for him to raise his claims of ineffective assistance of counsel, the Act is unconstitutional because it deprives him of due process. We affirm[2] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether a person confined under the Act has a statutory and constitutional due process right to effective assistance of counsel: *In re Care & Treatment of Chapman*, 419 S.C. 172, 179–80, 796 S.E.2d 843, 846–47 (2017) (finding a person has a statutory and constitutional right to effective assistance of counsel at all stages of the proceedings when the State seeks to civilly commit him or her under the Act).

2.  As to whether a person may raise ineffective assistance of counsel claims arising from a person's commitment under the Act on direct appeal: *Id.* at 182, 796 S.E.2d at 848 (declining to address the merits of the appellant's ineffective assistance of counsel claims arising from his commitment under the Act on direct appeal); *id.* at 183, 796 S.E.2d at 848 (holding persons committed under the Act must pursue their ineffective assistance of counsel claims by seeking a writ of habeas corpus); *id.* ("Due to the unique unfairness of requiring [sexually violent predators (SVPs)] to pursue ineffective assistance of counsel claims without the assistance of counsel, [the statutory] language must be construed as providing persons committed under the Act with a right to counsel during their first habeas proceeding."); *id.* at 184, 796 S.E.2d at 849 (holding the appropriate standard to apply to ineffective assistance of counsel claims arising from SVP proceedings is the two-prong standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984)).

3.  As to whether Johnson's trial counsel committed various errors that violated Johnson's right to effective assistance of counsel: *Id.* at 182, 796 S.E.2d at 848

person likely to engage in acts of sexual violence if not confined in a secure facility for long-term control, care, and treatment").

[2] We decide this case without oral argument pursuant to Rule 215, SCACR.

(declining to address the merits of the appellant's ineffective assistance of counsel claims arising from his commitment under the Act on direct appeal).

4. As to whether the Act deprives Johnson of due process if this court denies relief on the preceding issues and does not provide a way for him to raise his claims of ineffective assistance of counsel: *Id.* at 179–86, 796 S.E.2d at 846–50 (addressing constitutional concerns and providing a way for a person committed under the Act to raise claims of ineffective assistance of counsel).

**AFFIRMED.**

**GEATHERS, MCDONALD, and HILL, JJ., concur.**